UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD DORIAN SALTER,

       Petitioner,

                                  Case No. 13-13961

v.                                  Honorable Thomas L. Ludington

STEVEN RIVARD,

       Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE
PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

       Reginald Dorian Salter filed this habeas corpus action on June 20, 2013. Almost exactly three years earlier, on June 15, 2010, Salter was convicted after a trial in the Wayne Circuit Court of first-degree murder, felon in possession of a firearm, and commission of a felony with a firearm. His subsequent habeas petition raises four claims: (1) Salter's jury was not representative of a fair cross-section of his community; (2) the police failed to preserve evidence; (3) the prosecutor failed to timely disclose a statement made by Salter; and (4) the prosecutor committed misconduct. Salter filed a motion to stay the habeas corpus proceeding to permit him to exhaust his state court remedies with respect to two additional claims. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Salter to exhaust these claims.

**I**

       Following his conviction, Salter filed an appeal of right in the Michigan Court of Appeals, raising his four habeas claims. The state appellate court affirmed Salter's convictions and sentence. *People v. Salter*, No. 300272 (Mich. Ct. App. March 13, 2012). Salter then sought relief in the

Michigan Supreme Court, but that court denied leave to appeal. *People v. Salter*, No. 145065 (Mich. Sup. Ct. September 4, 2012). Salter then commenced the instant habeas proceeding by placing his petition in the prison mail system on August 28, 2013.

Salter has now filed a motion to stay proceedings. He wishes to exhaust additional claims asserting that his trial counsel and appellate counsel were ineffective.

## II

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

In this case, Salter requests a stay because he alleges that he would like to exhaust additional claims challenging his conviction but is concerned the one-year statute of limitations may expire as a result.

In situations such as this, when a petitioner wishes to exhaust additional claims but the dismissal without prejudice of a petition would likely result in the second petition being time barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the circumstances call for abating the habeas petition. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the

exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber,* 544 U.S. 269, 278 (2005)).  The Court will, therefore, grant Salter's motion.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that there are no delays by Salter in exhausting his state court remedies, this Court will impose time limits within which he must proceed with his state court post-conviction proceedings.  *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Salter to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Salter timely pursuing his state court remedies and after exhausting his claims, returning to federal court within sixty (60) days. *Hargrove*, 300 F. 3d at 721; *see also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

## III

Accordingly, it is **ORDERED** that Salter's motion to hold the petition for writ of habeas corpus in abeyance, ECF No. 3, is **GRANTED**.  The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**.  Salter must timely pursue his state court remedies after the trial court decides his motion for relief from judgment.  If Salter fails to do so, the Court will dismiss his petition without prejudice.     Salter shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court **CLOSE**

this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be

considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion

of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: May 8, 2014                                          s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Reginald Salter #513005, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 by first class U.S. mail, on May 8, 2014.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS