UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD SALTER, #513005,

        Petitioner,         Case No. 13-cv-13961

v.         Honorable Thomas L. Ludington

STEVEN RIVARD,

        Respondent.

_____/

**ORDER DENYING DISCOVERY MOTIONS WITHOUT PREJUDICE**

On September 16, 2013, Petitioner Reginald Salter, a state inmate, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On December 22, 2015, Petitioner filed two motions for discovery. The motions will be denied without prejudice.

Petitioner's motions seek production of Detroit Police Department record retention policies. He asserts that the existence of such policies will support his claim that the police failed to preserve evidence of witnesses' videotaped statements. Habeas Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). However, "habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v.*

*Bagley*, 380 F.3d 932, 975 (6th Cir. 2004), quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

The problem for Petitioner is that in *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that where habeas claims have been decided on their merits in state court, a federal court's review under 28 U.S.C. section 2254(d)(1)—whether the state court determination was contrary to or an unreasonable application of established federal law—must be confined to the record that was before the state court. 563 U.S. at 181-82. Therefore, the Court will deny Petitioner's motions for discovery without prejudice. Petitioner may renew his motions if any of his claims survive review under § 2254(d)(1).

Accordingly, it is **ORDERED** that Petitioner's motions for discovery, ECF Nos. 15 & 17, are **DENIED without prejudice**.


Dated: March 11, 2016               s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge


PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2016.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager